STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE PALMER, PLAINTIFF IN ERROR.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the plaintiff in error, *Joseph H. Gaudielle*.

For the state, *Archibald C. Hart,* prosecutor of the pleas, and *John J. Breslin, Jr.*

PER CURIAM.

The defendant in this case was convicted upon an indictment charging him with the possession of a certain automobile which had been stolen, and which he knew had been stolen, when he took possession of it. The principal ground urged for a reversal is that the trial court erred in refusing to make a finding of not guilty on the motion of defendant's counsel. This motion was based upon the contention that the state had failed to prove that the stolen automobile was received by the defendant in Bergen county, and that it was necessary to prove that fact in order to give the court jurisdiction; that the venue must be laid in the county in which the crime was committed, and proof of that fact must be submitted in order to show jurisdiction on the part of the trial court. The indictment is based upon a supplement to the Crimes act passed in 1928. *Pamph. L., p.* 356. The per-

tinent provision of the statute is that any person who shall receive or buy any goods or chattels that have been stolen from another person, or taken by robbery, whether such stealing or robbery shall be committed in the State of New Jersey or in some other jurisdiction, shall be guilty of a high misdemeanor; and if such person is shown to have or have had possession of such goods and chattels, within one year from the date of such stealing, such possession shall be deemed sufficient evidence to authorize conviction unless he shall show to the satisfaction of the jury that the property was honestly acquired. In view of this statutory provision it seems plain that if the defendant is found in the possession of a stolen chattel in a certain county, the venue should be laid in that county; that is, in the county where such possession is shown to have been had. In the present case the proofs showed that the automobile had been stolen from one Duguid in Brooklyn, New York, that on the day following it was recovered in Teaneck, Bergen county, and that the car was then in the possession of the defendant Palmer and two other men who were with him.

For the reason stated we conclude that this contention is without merit.

The only other ground of reversal is that the verdict was contrary to the weight of the evidence.

There is nothing of merit in this contention. As has already been pointed out, the evidence on the part of the state fully justified the conclusion that these three men were in possession of the stolen car at the time of its recovery, and the defendant offered no evidence whatever to contradict the state's case, or to show that the automobile was honestly acquired either by himself or his companions.

The conviction under review will be affirmed.